IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JENILEE R.,[1]

           Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

           Defendant.

No. 6:20-cv-00722-CL

**OPINION AND ORDER**

**CLARKE, U.S. Magistrate Judge.**

Jenilee R. ("Plaintiff") brings this appeal challenging the Acting Commissioner of the Social Security Administration's ("Commissioner") denial of her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The Court has jurisdiction to hear Plaintiff's appeal pursuant to 42 U.S.C. § 405(g), and the parties have consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons explained

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION AND ORDER

below, the Court affirms the Commissioner's decision.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or based on legal error.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either the grant or denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

## BACKGROUND

### I. PLAINTIFF'S APPLICATION

Plaintiff filed her application for DIB on May 11, 2018, alleging an onset date of May 31, 2004, due to angioedema, hives, fibromyalgia, depression, and migraines. (Tr. 13, 194.) The Commissioner denied Plaintiff's application initially and upon reconsideration. (Tr. 91, 107). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which was held

on November 20, 2019. (Tr. 38-62.) At the hearing, Plaintiff amended her alleged onset date to April 4, 2017. (Tr. 13.) Following the administrative hearing, ALJ Cynthia D. Rosa issued a written decision dated January 14, 2020, denying Plaintiff's application. (Tr. 13-29.) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3.) Plaintiff now seeks judicial review of that decision.

## II. THE SEQUENTIAL PROCESS

A claimant is considered disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 724-25.

The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.* at 954. The Commissioner bears the burden of proof at step five of the analysis, where the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d

at 1100. If the Commissioner fails to meet this burden, then the claimant is disabled. *Bustamante*, 262 F.3d at 954.

### III.   THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation process to determine if Plaintiff is disabled. (Tr. 16-29.) At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 4, 2017, through her date last insured. (Tr. 16.) At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "obesity; angioedema and idiopathic urticaria; fibromyalgia; minimal degenerative disk disease of the cervical spine; headaches; generalized anxiety disorder; and depressive disorder due to medical conditions." (*Id.*)

At step three, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. (Tr. 17.) The ALJ then concluded that Plaintiff had the residual functional capacity ("RFC") to perform "light work" subject to the following limitations:

> She could occasionally climb ramps and stairs, but never ropes, ladders or scaffolds; she could occasionally balance, stoop, crouch crawl, and kneel; she could do simple, routine, repetitive tasks with a reasoning level of 1-2; she should avoid all exposure to extreme heat and humidity.

(Tr. 20.)

At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work. (Tr. 27.) At step five, the ALJ concluded that a significant number of jobs existed in the national economy that she could perform, including work as a cashier 2; cleaner; and agricultural sorter. (Tr. 28.) Thus, the ALJ denied Plaintiff's application for disability benefits. (Tr. 29.)

## DISCUSSION

Plaintiff presents a sole argument on review: Plaintiff argues that the ALJ failed to provide specific, clear, and convincing reasons for discounting Plaintiff's subjective symptom testimony, so that evidence should be fully credited as true. Pl.'s Br. Support Compl. Rev. ("Pl.'s Br.") 5-14, ECF 21. As is explained below, the Court concludes that the Commissioner's decision is supported by substantial evidence and is free from harmful legal error. Accordingly, the Court affirms the Commissioner's denial of benefits.

### I.   APPLICABLE LAW

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited[.]" *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). Second, "'[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives specific, clear and convincing reasons for the rejection.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).

Clear and convincing reasons for rejecting a claimant's testimony "include conflicting medical evidence, effective medical treatment, medical noncompliance, inconsistencies in the claimant's testimony or between her testimony and her conduct, daily activities inconsistent with the alleged symptoms, and testimony from physicians and third parties about the nature, severity and effect of the symptoms complained of." *Bowers v. Astrue*, No. 11-cv-583-SI, 2012 WL

2401642, at *9 (D. Or. June 25, 2012) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008), *Lingenfelter*, 504 F.3d at 1040, and *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

## II.  ANAYLSIS

In her function report, Plaintiff indicated that she is unable to work because of her conditions, which include recurring hives and angioedema with severe anaphylaxis caused by exercise, sweat, hot, cold, water, sunlight, direct pressure, stress, and environmental allergies. Tr. 225. She alleged that those conditions impact her ability to lift, squat, stand, reach, walk, sit, kneel, talk, hear, climb stairs, see, remember, complete tasks, concentrate, understand, follow instructions, use her hands, and get along with others. Tr. 230.

At the hearing, Plaintiff testified that she lives on a farm with her husband and two young children, aged two and six. Tr. 42, 49. As for her medical conditions, she indicated that she experiences angioedema two to three times a week and that she gets hives "pretty much 24/7" because her medications no longer control her conditions, and she no longer responds to antihistamines. Tr. 45. She testified that she goes to the emergency room frequently. Tr. 45. Further, she reported that she has difficulty walking. Tr. 51. She testified that she has attended physical therapy without success, noting that she had panic attacks and had to use an Epi-pen multiple times. Tr. 51. She reported that she needs to use a wheelchair three to four times a week. Tr. 54-55. She indicated that she has vision problems and could not read beginning a couple of months preceding the hearing. Tr. 50. She also testified that she has neurocognitive issues, including difficulty remembering and difficulty focusing. Tr. 46, 53-54.

As for her daily activities, Plaintiff testified that she cares for her two children with help from her mother-in-law. Tr. 47. She indicated that she drives a couple of days a week to pick up

son from school. Tr. 47. During her free time, she testified that she spends most of her time in bed or on the couch resting. Tr. 47. She reported that she goes outside on her farm about once per month. Tr. 49. She testified that she visits her parents every other weekend. Tr. 50. Additionally, she indicated that she tries to prepare meals for the family, could not perform household chores, but does laundry with help from her mother-in-law and husband. Tr. 48.

At the first step of the analysis, the ALJ found that Plaintiff's impairments could reasonably be expected to cause her reported symptoms. Tr. 22. At the second step, however, the ALJ determined that Plaintiff's symptom testimony was not entirely consistent with the medical evidence and other evidence in the record. *Id.*

Plaintiff now argues that the ALJ failed to provide specific reasons for rejecting Plaintiff's subjective symptom testimony. Specifically, Plaintiff contends that both the medical record and her reported daily activities are consistent with her subjective symptom testimony, so the ALJ erred in discounting Plaintiff's testimony. Pl.'s Br. 12-13. The Court disagrees.

The Court concludes that the ALJ's proffered reasons for discounting Plaintiff's subjective symptom testimony were specific, clear, and convincing. In particular, the ALJ provided at least two reasons, supported by substantial evidence, for discounting Plaintiff's testimony: (1) contradiction with the medical evidence, including Plaintiff's reports to medical providers; and (2) inconsistencies with Plaintiff's reported daily activities.

First, the ALJ determined that Plaintiff's symptom testimony conflicted with the medical record. Tr. 25. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r*, 533 F.3d 1155, 1161 (9th Cir. 2008). Although subjective symptom testimony may not be wholly rejected based on a lack of corroborating objective medical evidence, medical evidence is still a relevant factor in

7 – OPINION AND ORDER

determining the severity of a claimant's symptoms. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Here, the ALJ appropriately considered inconsistencies with the medical evidence in discounting Plaintiff's testimony. Regarding Plaintiff's physical impairments, Plaintiff testified that she had difficulty walking, but the ALJ observed that the medical records consistently indicated that Plaintiff had a normal gait. Tr. 25 (citing 414, 969, 975, 1108, 1135). Further, while Plaintiff reported constant hives, Tr. 51, many examinations did not indicate any evidence of rash or hives, including a report that her symptoms were negative for rash or itching in August 2018. Tr. 25 (citing Tr. 1040); *see also* Tr. 414, 423, 430, 969, 985, 1135.

The ALJ also found inconsistencies in the medical evidence with Plaintiff's testimony of her mental impairments. Despite Plaintiff's testimony to the contrary, the ALJ found that the medical evidence demonstrated that Plaintiff presented few difficulties in understanding, and her memory testing was consistently normal. Tr. 17, 18 (citing 305, 406, 414, 421, 424, 434, 488, 934, 938, 954, 969, 972, 975, 985). The ALJ further noted that on a formal mental status examination, Plaintiff demonstrated good concentration, clear and coherent thinking, and no cognitive impairment. Tr. 19 (citing Tr. 920). Thus, the ALJ reasonably found inconsistencies between the medical evidence and Plaintiff's allegations of her symptoms.

Second, the ALJ found that Plaintiff's testimony was inconsistent with her reported daily activities. When assessing credibility, the ALJ "may consider, among other factors, . . . 'the claimant's daily activities.'" *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (internal citation omitted). Additionally, an "ALJ may consider inconsistent statements by a claimant in assessing her credibility." *Popa v. Berryhill*, 872 F.3d 901, 906-07 (9th Cir. 2017).

8 – OPINION AND ORDER

In this case, the ALJ noted several inconsistencies in Plaintiff's symptom testimony and her daily activities. Although Plaintiff alleged that she could not walk from her house to her barn and that she only went outside once per month, Tr. 49, the ALJ noted that Plaintiff told treating providers on several occasions that she worked on the farm and fed animals, and she indicated in her function report that she went outside a few times per week. Tr. 21-23 (citing 228, 420, 984). Additionally, while Plaintiff testified that she needed to use a wheelchair three to four days per week to minimize exertion, Tr. 55, she admitted that she did not often use the wheelchair at home, and she reported occasionally exercising. Tr. 22-23 (citing Tr. 1094, 1108). Moreover, despite Plaintiff's testimony that she could not read due to vision problems, she also testified that she could send text messages and play games on her cell phone. Tr. 22 (citing Tr. 50-51). Taken together, the Court concludes that the ALJ appropriately considered inconsistencies with Plaintiff's reported daily activities in discounting her subjective symptom testimony.

In sum, the ALJ provided clear, convincing, and specific reasons for rejecting Plaintiff's subjective symptom testimony. Although Plaintiff may disagree with the ALJ's interpretation of the record, the ALJ's interpretation is supported by substantial evidence, which precludes the Court from engaging in second-guessing. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.").

## CONCLUSION

Based on the foregoing reasons, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

//

//

DATED this _11_ day of April, 2022.

_____
HON. MARK D. CLARKE
United States Magistrate Judge